IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-04061-TPO

YOSELL OCTAVIO COLINDRES CARMONA,

      Petitioner,

v.


DAWN CEJA, Warden, Denver Contract ICE Facility;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security;
PAMELA BONDI, U.S. Attorney General; and
TODD M. LYONS, Acting Director U.S. Immigration and Customs Enforcement;

      Respondents.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. Pursuant to 18 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. ECF 13. This Court issued an Order to Show Cause on December 26, 2025. ECF 10. Respondents filed an Answer. ECF 14. Petitioner's Motion for Leave to File Belated Reply to Response [ECF 21] is **granted,**[1] and the Court accepts the Reply filed at [ECF 21-1]. Having reviewed Petitioner's Petition [ECF 1], Respondents' Answer [ECF 14], and Petitioner's Reply [ECF 21-1], and having reviewed the operative case law,[2] the Court **grants** the Petition.

---

[1] Respondents did not oppose Petitioner's supplementation. *See* ECF 21.

[2] Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243.

*Background*

On December 18, 2025, Petitioner filed a Petition for a Writ of Habeas Corpus. ECF 1. In the Petition, Petitioner states that he is a "23-year-old citizen of Honduras who last entered the U.S. without inspection in October 2017 after being brought here by his father as a minor." ECF 1 ¶ 33.[3] Petitioner alleges that at an unspecified time after he entered, the Department of Homeland Security (DHS) "initiated removal proceedings against [him] and his father." *Id.* ¶ 34. His father failed to attend a hearing in Immigration Court,[4] "resulting in [Petitioner's father] and Petitioner being ordered removed from the United States." *Id.*

Subsequent to the order for removal, Petitioner "began the process of obtaining collateral relief from removal through U.S. Citizenship and Immigration Services ('USCIS')." *Id.* ¶ 35. In January of 2025,[5] after becoming a victim of a violent crime, Petitioner submitted a U Visa to remain in the United States. His application remains pending. *Id.*

Then on July 6, 2025, Immigration and Customs Enforcement officers detained Petitioner as he was on his way to work. ECF 1 ¶ 36. On August 11, 2025, while in custody, Petitioner filed a Motion to Reopen the removal proceedings, which was granted, thus triggering "an automatic stay of removal." *Id.* ¶ 37; *see also* ECF 14-1 ¶¶ 14, 16. Petitioner remains detained, and Respondents believe that his detention is justified under 8 U.S.C. § 1225(b), "pending resolution

---

[3] Evidence presented by Respondents does not contradict Petitioner's timeline. According to Respondents' Answer, Petitioner was apprehended near the border between the United States and Mexico and was detained. ECF 14-1 ¶ 5. Two days later, Petitioner was released from custody "due to a lack of bed space in an appropriate detention facility." *Id.* ¶ 7.

[4] Respondents' evidence demonstrates that Petitioner failed to appear for the hearing as well. ECF 14-1 ¶ 8.

[5] Respondents state that Petitioner filed Forms I-192 and I-918, in support of a request for a U Visa, on December 30, 2024. ECF 14-1 ¶ 10.

of removal proceedings." ECF 14-1 ¶ 17. Petitioner's attempts to be released from custody, "on parole and bond," have been denied. ECF 1 ¶ 37; *see also* ECF 14-1 ¶¶ 20-21, 23 (demonstrating that Petitioner's repeated requests for a "custody redetermination" were denied). The stated reason for the denial of Plaintiff's request for a redetermination of his custody status is that an Immigration Judge determined that "he did not have jurisdiction to redetermine Petitioner's custody status." *Id.* ¶ 21. There is no information in the record to suggest that Petitioner ever received a bond determination hearing since his arrest on July 6, 2025.

Petitioner alleges three claims:

1) he is entitled to a bond hearing as part of the "Bond Eligible Class"[6] found by United States District Judge Sunshine S. Sykes in the Central District of California in *Maldonado Bautista v. Santacruz*, No. 5:5-cv-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025);

2) Petitioner's Fifth Amendment Due Process Rights have been violated; and

3) Respondents' violated 8 U.S.C. § 1225(b)(2) by subjecting Petitioner to mandatory detention.

ECF 1 at 11-13. In its Response, the government first contests the application of *Maldonado Bautista* to the present case. ECF 14 at 4-6. Second, the government argues that Petitioner provides insufficient support to demonstrate that he is entitled to a bond determination hearing under 8 U.S.C. § 1225(b)(2). *Id.* at 6-7. Third, the government argues that the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), supports the conclusion that Petitioner is not entitled to a bond determination hearing. *Id.* at 7-13. And finally, the government argues that

---

[6] In *Maldonado Bautista*, the court defined the "Bond Eligible Class" to be "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."

Petitioner has not demonstrated that he has a due process right to a bond determination hearing. *Id.* at 13-15.

## LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas*, 533 U.S. at 687-88. Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is not in dispute that Petitioner is in immigration custody in the District of Colorado. ECF 1 ¶ 23 (Petitioner is confined in the Denver Contract Detention Facility in Aurora, Colorado). "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

*Violation of 8 U.S.C. §§ 1225 & 1226*

Petitioner's principal claim, Count Three,[7] is that Respondents failed to comply with the INA and subjected him to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) when he was entitled to a detention hearing under 8 U.S.C. § 1226(a). ECF 1 ¶ 47-48 (noting that "the mandatory detention provision of 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing the U.S. who are subject to the grounds of inadmissibility."). As the Court finds that Petitioner has made a sufficient showing to demonstrate that the claim has merit, it will address that argument first, including the statutory interpretation of §§ 1225 and 1226.

---

[7] Petitioner mistakenly labels this claim as "Count Two." ECF 1 at 13.

The detention of noncitizens prior to a final order of removal is governed by two sections under the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings*, 583 U.S. at 287). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

On the other hand, Section 1226 does not mandate detention. It states that a noncitizen may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. Petitioner urges the Court to find that his detention decision is governed by § 1226(a), the default rule for detaining noncitizens that are already present in the United States. ECF 1 at 13; *see also Jennings*, 583 U.S. at 303. Respondents argue that the Court should consider Petitioner's detention under an expanded interpretation of § 1225(b)(2)(A), making the mandatory detention provision

5

also "appl[y] to noncitizens who entered without inspection and remain unlawfully present." ECF 14 at 7.

This debate is not a new one. As noted by U.S. District Judge Nina Y. Wang, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases). Respondents concede their uphill battle. ECF 14 at 3 ("Respondents recognize that numerous nonprecedential decisions have reasoned otherwise."). This Court elects to follow the overwhelming weight of authority from across the country in disagreeing with the government's overbroad interpretation of § 1225(b)(2)(A).

The principal thread of Respondents' argument is that all noncitizens[8] should be deemed "applicants for admission," including those noncitizens that have been present in the country for long periods of time. ECF 14 at 8, 10 (citing 8 U.S.C. § 1225(a)(1), (b)). Respondents claim that *Jennings* supports their conclusion. *Id.* at 8 (citing *Jennings*, 583 U.S. at 287) (noting the *Jennings* Court's use of the term "applicant for admission" as a term of art).

This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court held that "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez*, 2026 WL 194163, at *3 (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

---

[8] The statute uses the term "alien", which simply means "any person not a citizen or nation of the United States." 8 U.S.C. § 1101(a)(3).

Respondents also emphasize that the *Jennings* Court found that § 1225(b)(2) acts as a "*catchall* provision that applies to *all* 'applicants for admission' not covered by § 1225(b)(1)." ECF 14 at 11 (citing *Jennings*, 583 U.S. at 287) (emphasis in ECF 14, not in *Jennings*). "While it is true that Section 1225(b)(2) is broader than § 1225(b)(1), that does not mean that § 1225(b)(2) applies to *all* other noncitizens in the United States who have not been admitted." *Portillo Martinez*, 2026 WL 194163, at *3 (quoting *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *6 (D. Colo. Oct. 24, 2025)). Instead, *Jennings* should more properly be interpreted to "make [] clear that § 1225(b)(2)'s catchall provision—and in fact, all provisions of § 1225—apply to noncitizens seeking admission into the country, as opposed to those who are already in the country." *Id.* (quoting *Hernandez*, 2025 WL 2996643, at *6).

This Court finds District Judge Wang's in-depth analysis of the two relevant statutes in *Loa Caballero* persuasive. She notes that for § 1225(b)(2)(A)'s mandatory detention provision to apply, the noncitizen must be 1) "an applicant for admission," 2) "seeking admission," and 3) "not clearly and beyond a doubt entitled to be admitted." *Loa Caballero*, 2025 WL 2977650, at *6 (quoting *Martinez v. Hyde*, No. 25-cv-11613-BEM, 2025 WL 2084238, at *2 (D. Mass. July 24, 2025), *appeal docketed*, No. 25-1902 (1st Cir. Sep. 29, 2025)).  And "[t]he plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States."[9] *Id.*  If all "applicants for admission" were considered to be "seeking admission" to the United States, which is Respondents' argument, then "there would be

---

[9] In *Lopez Benitez*, U.S. District Judge Dale Ho provides a helpful example on the plain, ordinary meaning of the term "seeking admission." 795 F. Supp. 3d at 489. An individual "who enters a movie theater without purchasing a ticket and then proceeds to sit through the first few minutes of a film would not ordinarily be described as 'seeking admission' to the theater." *Id.*

no need to include the phrase 'seeking admission' in the statute." *Id*. at \*7 (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 488 (S.D. N.Y. Aug. 13, 2025)).

Next, Respondents caution against interpreting *Jennings* to allow bond determination hearings under § 1226 for individuals like Petitioner. ECF 14 at 12-13 ("The *Jennings* Court thus did not suggest that noncitizens who are properly covered by § 1225 (where Congress has not authorized bond) should instead be governed by the detention authority set forth in § 1226(a)— the provision where Congress has expressly authorized bond."). However, this Court reiterates that the *Jennings* Court specifically differentiated those noncitizens seeking admission, subject to § 1225, from those noncitizens who are already living in the United States, subject to § 1226. *Portillo Hernandez*, 2026 WL 194163, at \*3 (citing *Jennings*, 583 U.S. at 289).

Finally, Respondents point to the legislative history of 8 U.S.C. § 1225 for the idea that § 1226 would only apply to those that were lawfully admitted, "such as noncitizens who were admitted on a visa, and then overstayed." ECF 14 at 12-13. They note that in enacting § 1225, Congress emphasized that the "pivotal factor in determining an alien's status would be whether or not the alien has been lawfully admitted." *Id*. at 13 (citing H.R. Rep. No. 104-469, pt. 1, at 226 (1996)). The government cites only a Ninth Circuit case, one not directly on point, to support its interpretation.[10] However, Congress's recent 2025 amendment to § 1226, applying mandatory detention for noncitizens in the United States that are charged with certain offenses, confirms that the Respondents' interpretation is incorrect. *See Portillo Martinez*, 2026 WL 194163, at \*4-5 (citing 8 U.S.C. 1226(c)(1)(e)). If these individuals were already subject to mandatory detention under 8 U.S.C. § 1225, then this amendment would be wholly unnecessary. *See id.* (citing *Salcedo*

---

[10] In *Torres v. Barr*, 976 F.3d 918, 928 (9th Cir. 2020) (en banc), the court did not address the distinction between § 1225 and § 1226.

*Aceros v. Kaiser*, 2025 WL 2637503, at \*10 (N.D. Cal. Sept. 12, 2025) ("If Congress amended Section 1226 to create mandatory detention for certain inadmissible noncitizens, it follows that those noncitizens were not already subject to mandatory detention.").

For the foregoing reasons, this Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A). Because the evidence before this Court suggests that Petitioner never received a bond determination hearing following the reopening of his removal proceedings on August 11, 2025, this Court grants the habeas petition on Count Three and orders that Respondents provide Petitioner with a bond hearing consistent with 8 U.S.C. § 1226(a) within seven days of this order. *See Portillo Martinez*, 2026 WL 194163, at \*5 (ordering respondents to provide a bond hearing within seven days of the court's order granting the habeas petition); *Loa Caballero*, 2025 WL 2977650, at \* 1 (same); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at \*5 (D. Colo. Sept. 16, 2025 ) (same). The Court declines to order Petitioner's release at this time as 8 U.S.C. § 1226 merely requires that Petitioner be provided a bond hearing. *See Portillo Martinez*, 2026 WL 194163, at \*5 (finding that an immigration judge is better suited to determine the issue of detention).

*Petitioner's Other Two Claims*

As to Petitioner's remaining two claims, the Court either need not decide (Count One which seeks identical relief) or finds that Petitioner has not met his burden of providing sufficient information to support a habeas claim based on a violation of due process (Count Two). *See Cartwright v. Colo. Dep't of Corrections*, 2023 WL 11867084, at \*1 (D. Colo. Jan. 25, 2023) (petitioner "must provide specific factual allegations in support of the claim."); *United States v. MacCollom*, 426 U.S. 317, 327 (1976) ("naked allegations" are insufficient for habeas relief).

Since the Court is ordering that a bond hearing occur, the Court will deny this claim without prejudice and allow Petitioner to refile this claim should it be appropriate.

Therefore, for the reasons stated above, it is **ORDERED** that

1) Petitioner's Motion for Leave to File Belated Reply [ECF 21] is **GRANTED**;

2) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED as to Count Three**;

3) Respondents **SHALL** provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Court's order, *i.e.*, **by February 13, 2026**; and

4) On or before **February 20, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 6th day of February, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge